## No. 13,274.

ZAHN ET AL. *v.* ENYART ET AL.
(23 P. [2d] 950)

Decided June 26, 1933.

Mr. H. G. WELLENSEIK, Mr. J. GLENN MILLER, for plaintiffs in error.

Mr. HARRY E. MAST, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THE parties are aligned as at the trial. Plaintiffs in error, hereinafter called plaintiffs, filed a verified claim in the county court of Crowley county against the estate

of Charity A. Enyart, deceased. Defendants in error, Joy Enyart and W. R. Ferguson, hereinafter called defendants, are the executors in charge of the estate of the deceased. The county court disallowed the claim. Upon appeal to the district court and trial de novo, the court sustained defendants' motion to take the case from the jury and dismissed the action. Plaintiffs prosecute error and ask for a supersedeas.

The claim was filed in the county court on November 13, 1931, and omitting the verification is as follows:

"Estate of Charity A. Enyart, Deceased.

"To Henry Zahn and Paul F. Zahn, Dr.

"Damages for wrongfully employing J. N. Haymaker as Attorney to represent Frank Enyart in the case of Henry Zahn and Paul F. Zahn vs. Frank Enyart in the District Court of Butler County, Kansas.....$18,783.85, with interest from June 29, 1929."

Although there are no written pleadings, plaintiffs contend that their claim is in the nature of an action on the case for deceit. It involves the consideration of two other actions brought by plaintiffs against Frank Enyart, a son of the deceased; one of these is the Kansas case above mentioned, and the other is a subsequent action in Colorado. In the Kansas case, plaintiffs obtained a personal judgment against Frank in the sum of $23,659 for alleged false representations in a real estate transaction. The above amount was later reduced by the sum of $10,000 through the proceeds of a sale under attachment of certain real estate in Kansas owned by Frank, which, according to plaintiffs' computation, left a balance due them in the sum of $18,783.85, including interest and costs, the amount of their present claim.

In the Kansas case, as originally brought, plaintiffs procured an order for service by publication upon the affidavit of their attorney that personal service could not be obtained upon the defendant Frank Enyart, for the reason that he was not a resident of Kansas and was not within that state, but was a resident of Ordway, in

Crowley county, Colorado. Thereafter, however, his mother, Charity A. Enyart, wrote a letter to one J. N. Haymaker, an attorney of Kansas, and requested him to defend the suit for Frank. Haymaker did so and filed an answer upon behalf of his supposed client, but the judgment went against him. Later, Frank surprised plaintiffs by trying to have the court where the judgment was entered set it aside on the ground that his mother did not have any authority to employ Haymaker, or any attorney upon his behalf, but that court denied the plea and plaintiffs' judgment in personam against Frank stands in that court as entered, subject to the above credit of $10,000. Thus armed, plaintiffs brought suit in the district court of Crowley county against Frank, in which they declared on the Kansas judgment for the balance claimed to be due thereon. Again Frank interposed a plea of lack of jurisdiction of the Kansas court, on the ground above stated. This time he met with success; the Colorado court dismissed the suit on the Kansas judgment, whereupon plaintiffs filed the above described claim against Frank's mother.

Haymaker is no longer living, and it should be said of him that he was a reputable attorney, whose innocence and good faith in the matter is not questioned. His undisputed version, obtained from him before his demise, was to the effect that he had acted in his professional capacity for the Enyart family before, and that he accordingly honored Mrs. Enyart's request to attend to the Kansas suit upon behalf of her son, under the mistaken belief that it was a family affair. Mrs. Enyart, deceased, was living when the Colorado suit on the Kansas judgment was brought, and testified in that case upon behalf of her son. The court in the present action refused plaintiffs' offer of her previous testimony, but whether admissible or not, it tended to show that she had no express authority, if any authority at all, to act as her son's agent. She sought to justify it, however, on the ground that she had attended to other business matters

for him on previous occasions, and thought that she was acting for his best interests in employing Haymaker. It developed that Frank was a man of uncertain habits; at a time not disclosed, he finally became deranged, was adjudged a mental incompetent, and a conservator was appointed to manage his estate.

1. Plaintiffs offered to show that Frank had sufficient property subject to execution in Colorado, but not in Kansas, to satisfy the balance due on their judgment against him, but they assert that Mrs. Enyart's conduct prevented them from realizing on it, wherefore they look to her estate for reimbursement. They seek to hold the estate accountable because the Kansas judgment failed of recognition in this state as a judgment in personam, the standing it enjoyed in our sister state. Plaintiffs' theory of the case is set forth in a general statement contained in 2 C. J., page 828, section 501, as follows: "One who falsely represents himself to be the agent of another is liable in an action on the case to those who are injured by his misrepresentation."

Defendants contend that even if the conduct of the deceased gave rise to a cause of action (which they do not admit), nevertheless it does not survive against an executor or administrator under the provisions of section 5383, C. L. 1921; also that it is barred by section 6403, C. L., since no action was brought within three years after the discovery of the alleged fraud; that plaintiffs have been guilty of inexcusable laches; and also that no damages were proven.

2. Plaintiffs cite numerous cases on false assumption of agency in an effort to establish their theory, but no case is mentioned under facts similar to the one at bar, and we know of none. Its unique position in the annals attests the wisdom of an adherence to the practice of confining ourselves to only such questions as are necessary to the determination of the controversy. With this in mind, we select the defense that no damages were proven. It does not call for any inquiry on the subject

of conflict of jurisdiction, or any question other than that of damages.

3. Even if it be conceded for the nonce that plaintiffs were successful in establishing every other element requisite in an action on the case for deceit, it is fatally defective in its failure to show that plaintiffs suffered any injury by reason of the conduct of Charity A. Enyart, since, as we shall show, they are in no worse position now than they would have been if she had remained silent. Under the facts as here presented, if there be any liability, it should not go beyond that which plaintiffs actually lost by her unauthorized employment of Attorney Haymaker upon behalf of her son; they can have no greater advantage. Tested by this standard, the damages vanish.

4. For purposes of convenience and clarity, we separate the question of supposed damages accruing to plaintiffs in the Kansas jurisdiction from those in Colorado. In Kansas, they lost nothing, because, as they admit, the court there declined to interfere with the judgment in personam against Frank. Indeed, they profited, nominally at least, by Mrs. Enyart's intervention, because without it they would have been relegated there to a judgment in rem only, as originally contemplated. We say this upon the authority of plaintiffs' own attorney in the Kansas suit, who, in order to obtain an order for constructive service on Frank, made affidavit that it was impossible to obtain personal service as a basis for a judgment in personam. Likewise in Colorado, the conduct of the deceased failed to alter or impair plaintiffs' original status, for if she had kept wholly out of the scene, plaintiffs would have had nothing more than a judgment in rem to carry to this state, and they still have it. Its utility is not defendants' responsibility.

For the reasons stated, the claim was properly disallowed.

Judgment affirmed.